**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREUD LABARRIERE, | : | |
| | : | |
| Appellant | : | No. 1392 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 13, 2019
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0004555-2018

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: MAY 13, 2020**

Freud Labarriere ("Labarriere") appeals from the judgment of sentence entered following his conviction for one count each of driving under the influence ("DUI")—general impairment (second offense), driving while operating privilege is suspended, and careless driving, and two counts of driving on roadways laned for traffic.[1]  Additionally, counsel for Labarriere, David Romano, Esquire ("Attorney Romano"), has filed an Application for Leave to Withdraw as counsel and a brief pursuant to *California v. Anders*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).  We deny Attorney Romano's Application for Leave to Withdraw as counsel and remand for further proceedings.

On June 9, 2018, Lancaster City Police Lieutenant Richard Heim ("Lt. Heim") was travelling northbound on Hershey Avenue in Lancaster City.  N.T.,

---

[1] *See* 75 Pa.C.S.A. §§ 3802(a)(1), 1543(a), 3714(a), 3309(1).

3/13/19, at 92.   While crossing over Wabank Road, Lt. Heim observed Labarriere's vehicle, travelling southbound on Hershey Avenue, cross over the double-yellow center line.  *Id.*  Lt. Heim noted that no traffic or obstruction forced the vehicle out if its lane.  *Id.*  After Labarriere's vehicle passed, Lt. Heim performed a U-turn and caught up to his vehicle.  *Id.*   Lt. Heim then followed the vehicle and noted that Labarriere's vehicle continued to cross the double-yellow line and began rapidly accelerating, going airborne at some points.  *Id.* at 92-94.   Lt. Heim conducted a traffic stop and identified Labarriere as the driver.  *Id.* at 94.  As Lt. Heim approached the vehicle, Lt. Heim observed that Labarriere did not readily notice his presence.  *Id.* Labarriere's mannerisms and movements appeared to be sluggish.  *Id.*  Lt. Heim, believing Labarriere was intoxicated, asked if Labarriere had anything to drink that night.  *Id.* at 95.   Labarriere responded that he had one beverage.  *Id.*  Lt. Heim, not trained in field sobriety tests, called Officer Heather Schaeffer ("Officer Schaeffer") to the scene due to her training and experience with DUIs.  *Id.*

Officer Schaeffer arrived on scene and observed that Labarriere had bloodshot and glassy eyes. *Id.* at 61.  Officer Schaeffer also noticed an odor of alcohol coming from the interior of the vehicle.  *Id.*  Labarriere was unable to exit the vehicle without falling over and stumbling.  *Id.* at 62-63.  Officer Schaeffer explained the field sobriety tests and Labarriere refused to perform the tests.  *Id.* at 64-65.  Labarriere was placed under arrest and transported to the police station.  *Id.* at 65, 67.  Officer Schaeffer read Labarriere the

required DL-26 form, and Labarriere refused to submit to a breath test. *Id.* at 67-69.[2] Labarriere was subsequently charged with the above-mentioned offenses. *Id.* at 70.

A jury convicted Labarriere of DUI—general impairment on March 13, 2019. The trial court found Labarriere guilty of the remaining traffic offenses. The trial court sentenced Labarierre to an aggregate term of 6 to 23 months in the Lancaster County Prison, followed by 3 years of probation. Labarriere timely filed a post-sentence Motion asking the trial court to reconsider his sentence, which the trial court denied. Labarriere filed a timely Notice of Appeal. Attorney Romano thereafter filed his Statement of intent to file *Anders* brief in lieu of statement of errors complained of on appeal on September 16, 2019.[3] The trial court did not file a responsive opinion. Attorney Romano subsequently filed, in this Court, an Application for Leave to Withdraw from representation and a brief pursuant to *Anders*. Labarriere did not file a *pro se* brief, nor did he retain alternate counsel for this appeal.

We may not address the merits of the issues raised in the *Anders* Brief without first addressing Attorney Romano's Application for Leave to Withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007).

> Counsel [] must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his

---

[2] The record does not indicate whether Labarriere was asked to consent to a blood draw.

[3] The trial court did not order Labarriere to file a Pa.R.A.P. 1925(b) concise statement, nor did it file a Rule 1925(a) opinion.

right to [] "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), **appeal denied**, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014). Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. **Id.** The brief must[]

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling caselaw, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of **Anders** and **Santiago**, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

- 4 -

Our review of Attorney Romano's Application for Leave to Withdraw and *Anders* Brief reveals that he has complied with all of the foregoing requirements. Attorney Romano indicated that he reviewed the record, including relevant testimony, and determined that the appeal was wholly frivolous. Additionally, while the brief fails to cite caselaw or other legal authority, we find that counsel's brief substantially complies with *Anders*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel's brief stated the relevant facts and presented the case neutrally to the court and, thus, substantially complied with *Anders* despite a lack of caselaw citations). The record further reflects that Attorney Romano furnished a copy of the *Anders* Brief to Labarriere, advised Labarriere of his right to retain new counsel or proceed *pro se*, or raise any additional points that he deems worthy of the Court's attention. Additionally, Attorney Romano attached a copy of the letter he sent to Labarriere to the Application for Leave to Withdraw. Consequently, Attorney Romano has complied with all of the requirements set forth above.

Before addressing Attorney Romano's claims, we observe that the record reveals that there appears to be a non-frivolous issue that counsel failed to raise on Labarriere's behalf. *See Dempster*, *supra*. In its Amended Information, the Commonwealth informed Labarriere that he would be subject to a mandatory minimum sentence for his DUI—general impairment charge

under 75 Pa.C.S.A. § 3804(c)(2).[4]  However, the DL-26 form informed Labarriere of the consequences of his refusal to submit to a breath test **only** in terms of the civil penalties, and did not inform him of the potential for an enhanced mandatory minimum sentence.[5]  We therefore conclude that there is a potentially non-frivolous issue not raised by Attorney Romano: Whether Labarriere knowingly refused breath testing, where the record does not reflect whether he was informed of the enhanced criminal penalties.

_____

[4] The language of 75 Pa.C.S.A. § 3804(c)(2) is as follows:

An individual who violates section 3802(a)(1) and refused testing of breath under section 1547 (relating to chemical testing to determine amount of alcohol or controlled substances) … shall be sentenced as follows:

…

(2) For a second offense, to:

(i)     undergo imprisonment of not less than 90 days;

(ii)    pay a fine of not less than $1,500;

(iii)   attend an alcohol highway safety school approved by the department; and

(iv)   comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

75 Pa.C.S.A. § 3804(c)(2).  **See also** 75 Pa.C.S.A. § 1547(b)(2)(ii) (providing that "if the person refuses to submit to chemical breath testing, upon conviction or plea for violating section 3802(a)(1), the person will be subject to the penalties provided in section 3804(c) (relating to penalties).").

[5] The Notes of Testimony indicate that the DL-26 form was entered as Commonwealth Exhibit 1; however, that exhibit is missing from the record on appeal and is not before us.  Officer Schaeffer did read the form on the record.  **See** N.T., 3/13/19, at 68-69.

By no means is this Court convinced that Labarriere is entitled to relief on the issue we have identified, nor do we venture to state what relief is due. However, the claim is not so obviously devoid of merit so as to warrant classifying this appeal as frivolous. *See Commonwealth v. Tukhi*, 149 A.3d 881, 890 (Pa. Super. 2016). Therefore, we deny Attorney Romano's Application for Leave to Withdraw. Additionally, because Attorney Romano filed a Statement of intent to file *Anders* brief in lieu of statement of errors complained of on appeal, we remand for filing of a concise statement raising this issue, in addition to any other potentially meritorious claims, and for the trial court to file a Pa.R.A.P. 1925(a) opinion in response. Labarriere is directed to file an appellate brief within 30 days after the filing of the trial court's Pa.R.A.P. 1925(a) opinion. The Commonwealth may file a responsive brief within 30 days thereafter.

Application for Leave to Withdraw denied. Case remanded for further proceedings consistent with this Memorandum. Superior Court jurisdiction retained.

Judge Kunselman joins the memorandum.

Judge Shogan files a concurring memorandum in which Judge Kunselman joins.